{¶ 26} I respectfully dissent. In State v. Chatton, supra, the Ohio Supreme Court held that once reasonable suspicion for an otherwise valid stop dissipates, the police officer may no longer detain the driver. The record shows that Officer Sauer stopped appellant based on his reasonable suspicion that appellant was driving with illegal license plates. When Officer Sauer discovered his mistake in reading appellant's license plate number, he no longer had any reason to suspect that appellant had committed a traffic violation and appellant should have been free to drive away.
 {¶ 27} The cornerstone of the Fourth Amendment is the right of the people to be free from unreasonable searches and seizures. Terry v. Ohio (1968), 392 U.S. 1. The state makes much of the dicta found in State v.Chatton, supra, in which the court stated that "as a matter of courtesy, [the officer] could have explained to [Chatton] the reason he was initially detained * * *" Laudable though this conduct may be, I believe that appellant's constitutional right to be free from an unreasonable seizure far outweighs the state's interest in courtesy.
 {¶ 28} I further disagree with the majority's conclusion that, irrespective of the Chatton case, Officer Sauer was justified in stopping and detaining appellant for having a rusted license plate in violation of R.C. 4503.21. At the suppression hearing, Officer Sauer testified that he called appellant's license plate number into his dispatcher "[J]ust out of pure interest." He testified that he "called back the wrong [plate number] because I misread it." He testified that after he got out of his car and looked at appellant's license plate he saw that he was "in error." Although he described the plate as being partially rusted, Officer Sauer never testified that he misread the plate number because of the rust or that the rust obstructed the plate's characters.
 {¶ 29} Considering all of the facts, I would reverse the trial court's decision to deny appellant's motion to suppress.